JS 44 (Rev. 12/12)

**CIVIL COVER SHEET**                     15-CV-01314 RAJ

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Amelia L Buter

**DEFENDANTS** New Horizons Great Lakes Holding corporation and M & J LLC

**(b)** County of Residence of First Listed Plaintiff *King County*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant *Wayne County*
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
N/A

Attorneys *(If Known)*
Peter Ehrlichman and Ben Greenberg

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine / Liability | | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | Product Liability / ☐ 380 Other Personal | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury / Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - / ☐ 385 Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☒ 895 Freedom of Information Act |
| | Medical Malpractice / Product Liability | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / **Other:** | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

Discovery (ADA App)

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
All Contract RCW 19.108, RCW 19.106 400, Lanham Act, 15 U.S.C.A. 1051 et seq, copyright infringement, trademark, trade
Brief description of cause:
ADA, Contract, trademark, copyright, Lanham Act, nonpayment, Arbitration, Laws

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 5,000,000.00 plus yearly payments
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
Claims and Information for details: Complaint labeled. See plaintiff
AAA
JUDGE _____  DOCKET NUMBER 011400010889

DATE 06-1-15
SIGNATURE OF ATTORNEY OF RECORD
Attached pages 1-48

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

1
2

UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF WASHINGTON

3

4

5

6    Amelia L. Butler

7    Plaintiff

8    Vs.

9

10   New Horizon Great Lakes Holding Corporation and

11   M & J LLC

12   Defendants

13                                                      Honorable Judge Jones

14                                                              For Cases:

15                                              CV-15-01304-RAJ

16                                              CV-15-01313-RAJ

17                                              CV-15-01314 RAJ

18                                              CV-15-01315 RAJ

19   Amended                                           Dated 10-1-15

     Coversheet part 2 of 2

20

21   List of documents enclosed include:

22

23     1.  UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

24         Complaint form titled "Complaint " (Plaintiff complaint part 1)

25     2.  Plaintiff Amelia L. Butler Amended Claims upon which relief can be

26         granted and Amelia L. Butler complaint (Plaintiff complaint part 2

27     3.  Summons   for each defendant

28     4.   agreements

                          Page 1 of 46



5. Licensor usage guidelines

6. AAA rules for consumers that apply

7. proof of copyrights and trademarks

**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON**

Amelia L Butler

Plaintiff(s)

vs.

New horizons Great Lakes Holding Corporation and M3J LLC

Defendant(s),

**Amended COMPLAINT Part 1 of 2**

**Parties to this Complaint:**

Plaintiff's Name, Address and Phone Number

Amelia L Butler  P.O. Box 3388
Federal Way WA  98063   425-213-3214

Defendant's Name, Address and Phone Number

New Horizons  Great Lakes
Holding Corporation
14115 Farmington Rd, Livonia MI
48154 , 734-252-8918

Defendant's Name, Address and Phone Number

M3J LLC
14115 Farmington Rd, Livonia MI
48154 , 734-252-8918

1 of 19

Defendant's Name, Address and Phone Number

(If you have more defendants, list them using the same outline on another piece of paper.
Attach additional sheets, if necessary)

**Jurisdiction**
(Reason your case is being filed in federal court)

Copyright Infringement, trademark Infringement,
Federal question, Contracts between the parties named
State Jurisdiction, RCW 7.04A Uniform arbitration Act,
Contract Claim, Federal Rules, Federal Acts, Claims
and complaints and statements in Plaintiff Amended complaint
Part 2, RCW that Apply, AAA rules, RCW 7.04A.110, RCW
7.04A.040, RCW 7.04A.070(3)(5)(6), RCW 7.04A.060 (2),
RCW 7.04A.100 (1)       **Statement of Claim:**
(State here as briefly as possible the facts of your case.)

1) I Plaintiff Amelia L Butler have claims
against you the Defendants: New horizon
Great Lakes Holding Corporation and MJJ
LLC separately. The claims include,
but not limited too,:

2) - Defendants owe plaintiff as stated in
the contracts signed by defendants. Defendants
owe plaintiff money, payments, and
damages and has failed to pay plaintiff.
Defendants failure to pay plaintiff has
seriously injured plaintiff, and plaintiffs
business, and plaintiffs family.

3) Defendants have injured plaintiffs
Intellectual Property, copyrights,
and trademarks. Due to Defendants

5 of 19

— spilling over

EE. Defendants promised to pay plaintiff for the sale of all vendors' courseware sold in Defendants locations that included any subject matter of healthcare information technology regardless of who owned the courseware on the grounds that Plaintiff s' products in Defendants locations included various vendor-developed courseware's. Defendants have refused to pay Plaintiff

FF. 7) Both Defendants promised Plaintiff and confirmed that both Defendants would pay plaintiff 25% of 15,840 students' tuition for 5 years, regardless to the fact that any products were sold or not (see agreements under fee section). In addition, Defendants submitted that same promise and confirmation of payment to Plaintiff of 25% of 15,840 anticipated students' tuition to the state of Michigan for approval. Both Defendants have refused to pay Plaintiff.

## CAUSES OF ACTION

**16) Amelia L. Butler, claims and complaints against both Defendants separately include:**

*15-CV-01313 RAJ / and 15-CV-01304 RAJ*

**17) Defendants Breach of the Contracts:** Amelia L. Butler are separately claiming that both Defendants separately have breached and violated the contracts and licensing agreements labeled *Agreement #2*, 179 1 through 12, and *Agreement #5*, 1HCITSC 1 through 13, on the grounds of:

A. Both Defendants negotiated with NH WEST MICHIGAN, LLC, New Horizons Computer Learning Center, NEW HORIZONS - GRAND RAPIDS, LLC, to implement Plaintiff Butlers' products into 2 of Defendants locations. Defendants provided proof of success of the implementation and negotiation. A year later, both Defendants completed an additional negotiation with Fisk University, Defendants Ohio partners, and Med-Certs, and Defendants have not made any payment to plaintiff.

B. Both Defendants negotiated with NH WEST MICHIGAN, LLC, New Horizons Computer Learning Center, NEW HORIZONS - GRAND RAPIDS, LLC, to implement



*Statement of Motion (continued)*

Plaintiff Butlers' products and intellectual property into 2 of Defendants locations. Defendants provided proof of success of the implementation and negotiation. A year later, both Defendants completed an additional negotiation with Fisk University, Defendants Ohio partners, and Med-Certs, without contacting Plaintiff for approval.

C. Both Defendants refused to communicate, support, promote, maximize, and/or enhance plaintiff products as stated in the contracts with Scott McLean as it pertains to the licensing agreements and both Defendants New Horizon Great Lakes Holding Corporation, and M & J L.L.C. DBA New Horizons Learning Centers New Horizon Great Lakes Holding's contractual obligations with Plaintiff.

D. Both Defendants refused to communicate, support, promote, maximize, and/or enhance plaintiff products with any of Defendants staff at New Horizon Great Lakes Holding Corporation, and M & J LLC about both Agreements.

E. Both Defendants refused to allow Defendants alleged courseware review team to communicate, support, promote, maximize, and/or enhance Plaintiff products.

F. Both Defendants refused to allow Mr. Scott McLean to communicate, support, promote, maximize, and/or enhance Plaintiff products.

A. Neither Defendants ever provided clear communication about who was to be the point of contact for each contract.

B. Neither Defendants ever provided any clear communication and refused communication with plaintiff after receiving all of Plaintiff s' products.

C. Both Defendants allowed Scott McLean to act as a support person and course evaluator without having knowledge of the healthcare technology field. The agreements state that each person shall have knowledge and be competent in the field of healthcare technology.

D. Both Defendants named above admitted to breaching both of the contracts and license agreements signed that include licensing agreements labeled *Agreement #2*, 179 1 through 12, and *Agreement #5*, 1HCITSC 1 through 13





E. Both Defendants named above admitted to breaching and/or violating the non-compete agreement provisions stated in both contracts, and defendants refused communication with plaintiff.

F. Both Defendants named above admitted to breaching the contract by both Defendants deliberate abandonment of the contract provisions

G. Both Defendants have violated and breached the agreements stated herein which include 300-575 breaching violations, including the stated violations herein

H. Both Defendants have stated in legal documents that they are refusing to offer, promote, and maximize Plaintiff s' programs and products properly under the agreed upon terms. For example, the Defendants were offering and promoting the program at two locations in the state of Michigan until March 12, 2013, and subsequently removed the programs, which violated the contract provisions, Following this, Defendants gained permission from the state of Ohio to sell the Plaintiff s' Butlers' programs in one of their Ohio locations beginning on July 31, 2013, with proper permission from plaintiff s. In addition, Defendants gained profit from Fisk University beginning in 2013, and from Med-Certs LLC both of which were using Plaintiff s' products

I. Defendants M&J L.L.C. DBA New Horizons Learning Centers New Horizon Great Lakes Holding Corporation breached the contracts by not paying Plaintiff s' 25 percent of all tuition and licensing fees, which include $12,000.00 per location as agreed upon in the contracts signed

J. Defendants New Horizon Great Lakes Holding Corporation breached the contracts by not paying Plaintiff s' 25 percent of all tuition and licensing fees, which include $12,000.00 per location as agreed upon in the contracts signed

K. Both Defendants breached the contracts by refusing to follow the dispute resolution agreement detailed in the contracts signed.

L. Both Defendants breached the contracts by reverse engineering Licensors' HC-IT® Products included in the signed agreements to be licensed and sold by the Defendants





*Statement of Claim*
*(Continued)*

named above, which are more specifically identified as HC-IT® Application Specialist®, HC-IT® Implementation Specialist®, HC-IT® certifications, HIM Entrance Exam®, and selling them as their own

M. Defendants breached the contract on the grounds of Defendants having sold and offered Plaintiff products to Fisk University without permission of the licensors

N. Defendants breached the contract by sending a letter to plaintiff in June 2014 that stated Defendants allegedly terminated the contract in November 2012, which would confirm Defendants infringement on the Plaintiff s' rights

O. Defendants breached the contracts for nonpayment to Plaintiff s.

P. Defendants breached the contracts on the grounds of nonpayment to Plaintiff s, in addition to the stated copyright infringement violations against Defendants herein, and the stated trade secret infringement violations against Defendants herein

Q. Defendants obtained and confirmed Ohio state approval for Plaintiff Butlers' products stated in the agreements to be sold and/or offered using healthcare technology themes of various types at Defendants locations

R. The state of Ohio provided approval and confirmation for all Plaintiff subject material, courses, course curriculum, learning objectives, duration of each subject, course maps, lab exercises, assessments, subject review and all other materials, as well as the methodology for teaching the courses and programs, without Plaintiff permission

S. Defendants sold, implemented , offered, and/or added Plaintiff products to Med Cert, LLC, NH WEST MICHIGAN, LLC, NH Cleveland, LLC, New Horizons Computer Learning Center, and NEW HORIZONS - GRAND RAPIDS, LLC,

T. Defendants stated in an email that Defendants removed some of Plaintiff s' products, and refused to pay plaintiff for the agreed upon percentage of student tuition obtained and anticipated for the products, including the remaining products that were currently being sold in Defendants locations

9 of 19


10-1-15

Statement of (U.Us)
(Continued)

U. ) Both Defendants promised Plaintiff and confirmed that both Defendants would pay plaintiff 25% of 15,840 students' tuition for 5 years, regardless to the fact that any products were sold or not (see agreements under fee section). In addition, Defendants submitted that same promise and confirmation of payment to Plaintiff of 25% of 15,840 anticipated students' tuition to the state of Michigan for approval. Both Defendants have refused to pay Plaintiff.

## CAUSES OF ACTION for (15-CV-01304 RAJ and 15-CV-01314 RAJ)

**Plaintiff Amelia L. Butler (referred to as Plaintiff Butler herein) claims and complaints against both Defendants separately include:**

**18) Defendants violation and misappropriation of Plaintiff Butlers' trade secrets and intellectual property under Chapter 19.108 RCW UNIFORM TRADE SECRETS ACT, and Defendants violation of Plaintiff Butlers' trade secrets as pertaining to Trade Secret Misappropriation (RCW 19.108, and RCW 19.108.900):** Plaintiff Amelia L. Butler, owns all the HC-IT trademark, trade secrets, copyrights and all other intellectual property stated herein. Both Defendants have violated Plaintiff Butlers', copyrights, trade secrets and intellectual property rights on the grounds of:

   a) Both Defendants sold, offered, and/or added Plaintiff Butlers' products into separate organization that include : Med Cert, LLC, NH WEST MICHIGAN, LLC, NH Cleveland, LLC, New Horizons Computer Learning Center, and NEW HORIZONS - GRAND RAPIDS, LLC, New Horizons Computer Learning Centers – Great Lakes , New Horizons Computer Learning Centers- Detroit , My CAA, New Horizons Computer Learning Centers of Greater Michigan (Grand Rapids), New Horizons Computer Learning Centers of Detroit MI ( Livonia ), without proper permission.

   b) Both Defendants have violated, breached, and violated plaintiff Butlers' property rights stated herein that include the 300-575 additional violations, including the ones stated herein violations.

   c) Both Defendants stated in an email that Defendants removed and abandoned some of Plaintiff Butlers' products and refused to pay plaintiff for the percentage of student

7 of 19

10-1-15

*Statement of Claims*
*(continued)*

tuition Defendants obtained for the products, including the remaining products that were still being sold in Defendants locations.

d) Both Defendants obtained and confirmed Ohio state approval for Plaintiff Butlers' products stated in the agreements to be sold and/or offered using healthcare technology themes of various types at Defendants locations then defendants abandoned plaintiff products, thereafter.

e) Both Defendants sold, implemented, and offered Plaintiff Butlers' products to Fisk University, without permission.

f) Both Defendants violated Plaintiff Butlers' trade secrets by reverse engineering and/or creating similar products and business models to Licensors' HC-IT® products, which were included in the signed agreements to be licensed and sold by Defendants named above, which are more specifically identified as HC-IT® Application Specialist®, HC-IT® Implementation Specialist®, HC-IT® certifications, HIM Entrance Exam®, and selling them as their own

g) Both Defendants violated Plaintiff Butlers' trade secrets by selling any products at any time using a healthcare technology theme, design, and/or business model at Defendants locations, without defendants being in compliance with the licensing agreements stated herein.

h) Both Defendants violated Plaintiff Butlers' trade secrets by selling and/or implementing any products at any time using a healthcare technology theme, design, and/or business model at Defendants locations, Fisk University and MedCerts, LLC without defendants being in compliance with the licensing agreements stated herein

i) Both Defendants violated Plaintiff Butlers' trade secrets by obtaining a license from the state of Ohio to sell Plaintiff Butlers' products in Ohio, without defendants being in compliance with the licensing agreements stated herein

j) Both Defendants have falsely used in commerce words, terms, names, symbols, or devices, and/or combinations thereof of Plaintiff Butlers' work and other work offered at

 8 of 19



Defendants locations. In addition, Defendants has provided false designation of origin, false or misleading description of the facts and false or misleading representation of facts as pertaining to Plaintiff Butlers' work and other works offered at Defendants locations

k) Both Defendants violated Plaintiff Butlers' trade secrets separately by reverse engineering and/or creating similar products and business models to the Licensors HC-IT® Products included in the signed agreements to be licensed and sold by Defendants named above, which are more specifically identified as HC-IT® Application Specialist®, HC-IT® Implementation Specialist®, HC-IT® certifications, HIM Entrance Exam®, and selling them as their own

l) Both Defendants violated Plaintiff Butlers' trade secrets by selling any products at any time using a healthcare technology theme, design, and/or business model at Defendants locations

m) Both Defendants violated Plaintiff Butlers' trade secrets by selling and/or implementing any products at any time using a healthcare technology theme, design, and/or business model at Defendants locations, Fisk University, and MedCerts, LLC, without permission from plaintiff

n) Both Defendants violated Plaintiff Butlers' trade secrets by obtaining a license from the state of Ohio to sell Plaintiff Butlers' products in Ohio Additional violations include statements in paragraphs # 18- 20 herein.

o) Both Defendants promised Plaintiff and confirmed that both Defendants would pay plaintiff 25% of 15,840 students' tuition for 5 years, regardless to the fact that any products were sold or not (see agreements under fee section). In addition, Defendants submitted that same promise and confirmation of payment to Plaintiff of 25% of 15,840 anticipated students' tuition to the state of Michigan for approval. Both Defendants have refused to pay Plaintiff s.

9. of 19     
10-7-15

15-CV-01304 Statement of Claim continued
RAJ and / 15-CV-01314 RAS
Case 2:15-cv-01314-RAJ   Document 37   Filed 10/02/15   Page 13 of 24

**19) Defendants violations of The Lanham Act of 1946, also known as the Trademark Act (15 U.S.C.A. § 1051 et seq., Ch. 540, 60 Stat. 427 [1988 & Supp. V 1993]) on the grounds of:**

A. Both Defendants have been actively encouraging students to register for the Plaintiff products at Defendants various locations infringing, breaching and violating Plaintiff Butlers' trade secrets and content by denying that the programs exist in their locations. Defendants were also violating Plaintiff Butlers 'copyrights, content, and trade secrets, which include curriculum, guides, outlines, learning goals, Plaintiff essentials for student learning, and the scope and sequence in which one introduces the prioritized learning goals, when Defendants openly paid the State Board Agency on July 13, 2013 and openly implemented Plaintiff Butlers' products at Fisk University in 2013 and at MedCerts in 2013 , This harmed and disseminated the content, trade secrets and copyrights of the Plaintiff Butlers'. This had the result of infringing, breaching and violating Plaintiff Butlers' trade secrets and content as pertaining to the Ohio locations, but not limited to those Ohio locations. Defendants also paid for their websites to host and promote links to infringed content on Defendants servers. Defendants have profited handsomely from this copyright infringement by charging tuition to student users who wish to download content and/or access the content from Defendants servers

B. Both Defendants provided false and/or misleading descriptions of Plaintiff Butlers' products and falsely provided misleading representation of Plaintiff Butlers' products, something which has likely caused confusion over Plaintiff Butlers' products including deception over the affiliation between plaintiff and Defendants s. In addition, Defendants misrepresented in commercial advertising and promotion the nature, characteristics, qualities and/or geographic origin of Plaintiff Butlers' goods, services, and/or commercial activities

C. Both Defendants have falsely used in commerce words, terms, names, symbols, devices, and/or combinations thereof of Plaintiff Butlers' work and other work offered at Defendants locations. In addition, Defendants are providing false designation of origin, false or misleading description of the product and false or misleading



representation of facts as pertaining to Plaintiff Butlers' work and other works offered at Defendants locations

D. Both Defendants violated Plaintiff Butlers' trade secrets by reverse engineering and/or creating similar products and business models to the Licensors' HC-IT® Products included in the signed agreements to be licensed and sold by Defendants named above, which are more specifically identified as HC-IT® Application Specialist®, HC-IT® Implementation Specialist®, HC-IT® certifications, HIM Entrance Exam®, and selling them as their own

E. Both Defendants violated Plaintiff Butlers 'trade secrets by selling any products at any time using a healthcare technology theme, design, and/or business model at Defendants locations

F. Both Defendants violated Plaintiff Butlers' trade secrets by selling and/or implementing any products at any time using a healthcare technology theme, design, and/or business model at Defendants locations, Fisk University, and MedCerts, LLC

A. Both Defendants violated Plaintiff Butlers' trade secrets by Defendants gaining a license from the State of Ohio to sell Plaintiff Butlers' products in Ohio Additional violations include statements in paragraphs # 18 and #20 herein.

*15-CV-01304 RAJ and 15-CV-01315 RAJ*

**20) Defendants violation of Copyright Infringement 17 USC § 501 – on the grounds of:**

A. The copyrights, trade secrets, and intellectual property ownership provisions in both Agreements are clear in their provisions that state Plaintiff Butler is the sole owner of what is collectively called HC-IT® Products (See Exhibits *HCITSC 188-215*, *296-301*, Agreement #2 pg. 9, Agreement #5 pg. 10, and *49 DD 1-64*). Under the law, a license agreement between Plaintiff and Defendants protects Plaintiff Butlers' rights, as stated in case law, "Arizona Cartridge Remanufacturers Association Inc. v. Lexmark International Inc.ProCD, Inc. v. Zeidenberg,[6] Microsoft v. Harmony Computers,[7] Novell v. Network Trade Center,[8] and Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.[9] (R2-) Defendants agreed that they do not currently have nor have they ever before created reference numbers 90344442, 90190418, ISBN number 9780615447766, *Healthcare*

*12 of 19*



*State of Claim (continued)*

*Information Technology, The Software and Hardware Focus: Critical Factors for EMIR Implementation*, the title and/or series Health Care Information Technology, The Software and Hardware Focus, reference number 90049482, Healthcare Information Technology, HC-IT®, HC-IT® exams Healthcare Information Technology or HC-IT department, Healthcare Information Technology and/or HC-IT® publications, Healthcare Information Technology and/or HC-IT® courses, and/or any Healthcare Information Technology and/or HC-IT® affiliations. However, Defendants are selling and/or have sold 90344442, 90190418, ISBN number 9780615447766, *Healthcare Information Technology, The Software and Hardware Focus: Critical Factors for EMIR Implementation*, the title and/or series Health Care Information Technology, The Software and Hardware Focus, reference number 90049482, Healthcare Information Technology, HC-IT®, HC-IT® exams Healthcare Information Technology or HC-IT department, Healthcare Information Technology and/or HC-IT® publications, Healthcare Information Technology and/or HC-IT® courses, and/or any Healthcare Information Technology and/or HC-IT® affiliations during August 2012 into the year of 2015 .

B. As stated in the HCITSC licensing agreements, all Healthcare IT Network Technician, Healthcare IT Professional, Healthcare IT programs, Healthcare IT Technician, Health Information Management Technician, Health Information Support Specialist, Health Information Technician, Healthcare IT Support Technician, and Healthcare Support Worker programs, in addition to the other programs stated and any complication of the work, at any of Defendants locations, are the property of Plaintiff Butler , but Defendants are claiming ownership of these items without permission .

C. Plaintiff Amelia L. Butler has provided proof of copyright registration and have satisfied the requirement of ownership of all products that include, but are not limited to, the following: TXu001904509, TXu001730184, TXu001904512, TX0007888758, TXu001683683, Trademark registration numbers 90344442, 90049482, 90190418, ISBN#s: 9780615447766, *Critical Factors for Medical Systems Implementation*; ISBN# 9780615447766, *Critical Similarities and Differences in the Fields of Health Information Management, Healthcare Information Technology, Health Informatics, and Health Information Administration that You Must Know Before the HIM Entrance Exam®*; ISBN-

13 of 19



*Statement of Claim (Continued)*

13 9780615555966, *Study Guide and HIM Entrance Exam®*; ISBN# 978-0615578606, *Healthcare Information Technology Dictionary and Reference Guide* ISBN-13 - 978-0-9859527-9-2, *Health Care Information Technology - The Hardware and Software Focus: Critical Factors for EMR Implementation*; ISBN-13: 978-0615447773, all Healthcare IT Network Technician, Healthcare IT Professional, Healthcare IT programs, Healthcare IT Technician, Health Information Management Technician, Health Information Support Specialist, Health Information Technician, Healthcare IT Support Technician, and Healthcare Support Worker programs, in addition to the other programs stated and any complication of the work, at any of Defendants locations are the property of Plaintiff Butler , but Defendants are claiming ownership of these items without permission

D. Defendants violated Plaintiff Butlers' intellectual property rights and rights to protection of copyrights by reverse engineering Plaintiff s' copyrights and Defendants offered and created the same product against the contract provisions

E. plaintiff satisfied all requirements for protection of Plaintiff Butlers' copyrights and intellectual property and trade secrets, as detailed in the Plaintiff Confidentiality Agreement and Contracts Provisions, Usage Guidelines and HCITSC Copyright Clause, which states: "For the purpose of this Business Agreement, Business to Business relationship and relationship all work performed, done, completed, requested to be completed, created, any and all other works copyrights, exclusive rights, related rights, neighboring rights, works subject to copyright, exclusive rights granted by copyright, moral rights, right to be credited for the work and Copyright as property right is/are owned wholly, owned, legally, solely, rights of Plaintiff Butler

### Defendants Had Access.

21) "Proof of access requires only an opportunity for Defendants to view or to copy Plaintiff Amelia L. Butler's work." Plaintiff supplied Plaintiff Butlers' products and work to Defendants under a Licensing Agreement, which establishes Defendants "opportunity to view or to copy Plaintiff Butlers' work"

16 of 19 

*Statement of Claim (Continued)*

**Programs Implemented in the Ohio Locations, Fisk University and MedCert, LLC are the same and/or Substantially Similar to Plaintiff s' Copyrighted Work**

22) A two-part test is used in adjudicating substantial similarity. "[T]he 'extrinsic' test considers whether two works share a similarity of ideas and expression based on external, objective criteria," and the "intrinsic test asks whether an 'ordinary, reasonable observer' would find a substantial similarity of expression of the shared idea." Programs described by Defendants on their website and Defendants advertisement for the Ohio locations and advertisement for all other locations that include MedCerts and Fisk University as it pertains to the products and Agreements, and Defendants deliberate submission of the explanations and use submitted to the State Board of Career Colleges and Schools in various states, are materially identical to Plaintiff Butlers' products—a copyrighted work. Under the law, a License Agreement protects Plaintiff Butlers' rights and plaintiff rights. Microsoft v. Harmony Computers stated herein. Defendants added and implemented plaintiff butlers' programs and property into Med Cert, LLC, NH WEST MICHIGAN, LLC, NH Cleveland, LLC, New Horizons Computer Learning Center, and NEW HORIZONS - GRAND RAPIDS, LLC, New Horizons Computer Learning Centers – Great Lakes, New Horizons Computer Learning Centers- Detroit, My CAA, New Horizons Computer Learning Centers of Greater Michigan (Grand Rapids), New Horizons Computer Learning Centers of Detroit MI (Livonia), without proper permission.


**Additional Elements of plaintiffs' claims for relief:**

1. Defendants owe plaintiff money and payments as stated in the contracts and made promises to Plaintiff as it states in the contract and the agreements, and defendants failed to pay plaintiff and failed to comply with the contracts and the agreements. Defendants have failed to pay plaintiff . Defendants failure to pay plaintiff has caused serious injury to plaintiff.

2. Defendant breached defendants duties of care and defendants breached the contracts and defendants refused to perform defendants duties of the contracts.

14 of 19



*Statement of claim (Continued)*

3. Plaintiff and plaintiff products and property suffered serious injuries due to defendant's intentional actions, Due to defendant's actions and or lack of actions, and intentional breach of contract, breach of contract, and harm to plaintiff property, and harm to plaintiff stated herein. Plaintiff and plaintiff products and property suffered serious injuries from defendants that include financial hardship, product depreciation, financial, hardship , depreciation, benefit of use , life, liberty, property, damages stated herein , damages , health , due process , products enhancement , product promotion , products , communication , reputation , Damages awarded to claimant should take into consideration that claimant has lots of pain and suffering due to defendants actions that are both personal and business related that include: 1) The loss time in which claimant could have used the property. 2) Losses associated with increases in the property's values. 3) Losses connected with interest rates on the property.4) Loss of business and punitive damages. 5) defendants actions against Plaintiff also involved factors of malice, ill will, disregard of rights, or recklessness on the part of the defendants. 6) Plaintiff is requesting time of damages on the grounds of: A) The value of plaintiffs' property is usually calculated according to the fair market value at that time B) defendants transported plaintiffs property to different regions and this resulted in an increase in the property's value C) Plaintiff had a unique use for the property and sentimental value to them.

4. These injuries were the result of Defendant's actions stated herein, and stated herein in plaintiff's claims, and stated herein in CAUSES OF ACTION stated, and plaintiff's claims and complaints.

*Additional*

**JURISDICTION** *Notes :*

23) There are two separate, stand-alone License Agreements that clearly include the Licensor Usage Guidelines. These agreements are clear that the venue shall be in King County, Washington State

*18 of 19*



**Statement of Claim**
(continued):

action, plaintiff has been harmed. Defendant owes plaintiff money and damages for the harm Defendants have caused.

4) Plaintiff additional Statement of Claims and Injuries are stated in plaintiffs Amended Complaint and Claims Part 1 of 2 page 1-16 and 2 of 2 pages 1-46.

5) Defendants refusal to Arbirtrate has harmed plaintiff and Caused serious hardship and caused serious injury to plaintiff.

6) Defendants refusal of plaintiff Due process and speedy resolution has harmed plaintiff.

7) Defendants refusal of Discovery has harmed plaintiff.

8) Defendants refusal to pay all cost and Defendants refusal to pay arbirtration fees has harmed plaintiff and Caused serious injury.

16 of 19

10-1-15

**Relief:**
(State briefly exactly what you want the court to do for you)

Plaintiff is requesting the court and/or the arbitrator to give plaintiff urgent relief the form of:

1) Award: Plaintiff with a Default Judgement of 15 million dollars paid to plaintiff, paid by Both Defendants, separately; plus order Defendants to pay plaintiff an additional 5 million dollars a year for the Next 5 years.

2) the court to place the AAA case on hold

3) the court to approve and award all damages to plaintiff that plaintiff has stated in plaintiffs complaint part 1 and part 2, as plaintiff requested.

4) award Plaintiff with a default Judgement against Defendants that awards and pays Plaintiff all monies, damages and relief requested. - in plaintiffs Amended complaint part 1 and part 2

5) award Plaintiff Summary Judgement that forces Defendant to pay plaintiff all monies and payments that include 175 million, paid to plaintiff.

10-1-15
Date

Signature of Plaintiff

17 of 19

**Relief:**
(State briefly exactly what you want the court to do for you)

6) the courts to Enforce the agreements to arbitrate

7) the courts to enforce the agreements and licensor usage Guidelines

8) the courts to Enforce Defendants to pay all cost for arbitration as stated in the contract.

9) the court to appoint an arbitrator that is not Located in the state of Washington or michgan

10) the courts to set Discovery Schedule and order production of documents and admission Request and all othe discovery.

11) Appoint the Judicial Arbiter Group Inc. Address: 1001 Blake St, Ste 400, Denver, CO 80202 to complete and to arbitrate Plaintiffs claims and complaints.

12) order plaintiff access to all ADA accomodations needed during all processes.

13) allow the Judicial Arbiter Group Inc to hear plaintiffs claims and approve default judgement or summary judgement against Defendants to pay plaintiff 75 million dollars

10-7-15
Date

Signature of Plaintiff

18 of 19

**Relief:**
(State briefly exactly what you want the court to do for you)

(14) The courts/Arbitrator and/or to: approve, grant, and allow a Default Judgement and or summary Judgement against Defendants named herein on the grounds that defendants are refusing to pay arbitration fees, and Defendants are refusing to arbirtrate, defendants Behavior is a breach of the contracts signed.

(15) The courts and or the newly appointed arbirtrator to Enforce the agreements and order Defendants named to pay all cost, all AAA cost pending, all arbirtration cost within 30 days or a default judgement and/or Summary Judgement will be ordered Against defendants to pay plaintiff all monies, all damages, all relief plaintiff requested and stated in all Plaintiffs complaints and all plaintiffs request for relief, totaling 175. million paid to plaintiff by defendants.

(16) The courts and arbirtrator enforce the AAA consumer rules.

10-1-15
Date _____    Signature of Plaintiff _____

19 of 19

**Definitions as they pertain to reading this complaint include:**

A.                                    "Plaintiff Butler " and or "Plaintiff Butlers'" is defined as both Amelia L. Butler et al, and or Amelia Butler ,and or plaintiff

B.                                    References numbers for case:

Reference number: AAA Case #01-14-0001-0889 and 75-458-Y-000373-13

Signed

Amelia Butler pro-se

10-1-15

CERTIFICATE OF MAILING

I, Amelia Butler hereby certify that a copy of this document will be in 3days or has been sent certified by emailing and or by filing this document electronically, or by mailing this document by US Mail to All named including;

1. Ben Greenburg 701 Fifth Avenue, Suite 6100, Seattle, WA 98104—7043; and Peter Ehrlichman — ehrlichman.peter@dorsey.com; Columbia Center, 701 Fifth Avenue, Suite 6100, Seattle, WA 98104—7043; for New Horizon Great Lakes Holding Corporation — 14115 Farmington Rd., Livonia, MI 48154 — contact person: Mark A. McManus — mark.mcmaus@nhgreatlakes.com; phone: 734—525—1501; fax: 734—252—8918; and M & J L.L.C. DBA New Horizons Learning Centers New Horizon Great Lakes Holding Corporation assumed names include: NEW HORIZONS COMPUTER LEARNING CENTERS OF DETROIT, MI/NEW HORIZONS COMPUTER LEARNING CENTER — 14115 Farmington Rd., Livonia, MI 48154 — contact person: Mark A. McManus — mark.mcmaus@nhgreatlakes.com;  phone: 734—525—1501; fax: 734—252—8918 or 734—525—1401.

2. US District Court, 700 Stewart Street, Seattle, WA 98101

Signed

Amelia Butler pro-se

10-1-15